STATE, ex KAY, Relator, v. CARNEY, County Auditor, et, Respondents.

Common Pleas Court, Cuyahoga County.

No. 659260.   Decided May 24, 1954.

Richard B. Kay, Cleveland, in propria persona.

Frank T. Cullitan, Pros. Atty., A. M. Braun, Asst. Pros. Atty., Cleveland, for respondents.

## OPINION

By BLYTHIN, J.

Relator brings his action as a taxpayer, and on behalf of all taxpayers within the county, against the county auditor and the three members of the Board of County Commissioners seeking, in effect, to have the county auditor restrained from employing three expert appraisers to serve in connection with the reappraisal of property within the county for tax purposes unless and until the said Board of County Commissioners has approved the amount of compensation to be paid each, and seeking to have said board compelled to act in the premises. Relator recites that the defendant auditor communicated to the board his intention to employ three individuals as such appraisers and to pay them from county funds the sum of $25,000.00 each for their services. The board took no action whatever looking to any approval or dis-

approval of the auditor's intention because the board had already approved a budget for the total estimated expense of the auditor's reappraisal program and did not deem it necessary for it to pass on any individual item to be expended by the auditor in connection with such program.

Respondents, by their answers, assert that the communication to the board was for information only and that in the 1954 budget of the county the sum of $168,000 was included and approved for the general assessor's function of the auditor's office and $1,295,552 was included and approved for the reappraisal program; a total of $1,463,552 within a total appropriation of $1,494,202 for all the purposes of the office for the year. They further aver that the auditor respondent filed his application with the Board of Tax Appeals, as required by law, for authority to employ 163 experts, deputies, clerks and other employees for assessment purposes at an estimated cost of $1,396,010, such employment to include the three experts herein specifically referred to. The application was granted and the employments authorized by said Board of Tax Appeals. Counsel for the parties have submitted the matter to the court on the pleadings and the oral presentation—agreeing that the only question to be answered is this: Must the Board of County Commissioners specifically fix the compensation of each of the three experts mentioned?

Sec. 325.17 R. C., in its pertinent part, is as follows:

"The officers mentioned in §325.27 R. C., may appoint and employ the necessary deputies, assistants, clerks, bookkeepers, or other employees for their respective offices, fix the compensation of such employees and discharge them * * *. Such compensation shall not exceed in the aggregate, for each office, the amount fixed by the board of county commissioners for such office. * * *"

The county auditor is one of the officers referred to in §325.27 R. C.

Relator contends that §5713.01 R. C. (§5548 GC), is controlling in this case. Chapter 5713 deals with "Assessing Real Estate" and §5713.01 R. C., in its pertinent part, is as follows:

"Each county shall be the unit for assessing real estate for taxation purposes. The county auditor shall be the assessor of all the real estate in his county for purposes of taxation, * * *.

"The auditor, with the approval of the board of tax appeals, may appoint and employ such experts, deputies, clerks or other employees as he may deem necessary to the performance of his duties as assessor; the amount to be expended in the payment of the compensation of such employees shall be fixed by the board of county commissioners. If in the opinion of the auditor, the board of county commissioners fails to provide a sufficient amount for the compensation of such employees, he may apply to the board of tax appeals for an additional allowance, and the additional amount of compensation allowed by such board shall be certified to the board of county commissioners, and the same shall be final. * * *"

The parties agree that a correct interpretation of the last quoted section of the Revised Code will and must determine the issue raised.

It is a thoroughly settled principle of construction that one may not

read meaning into a law but, on the contrary, must bring meaning out of it. It is clear from what has been here quoted that in the general performance of the duties of his office the auditor selects the employees of his office and fixes the compensation to be paid them. The total determined and to be paid by him must not exceed the total amount fixed for that purpose by the county commissioners (See §325.17 R. C. above). Does the special provision for "Assessing Real Estate" change this formula? Under §5713.01 R. C., the "auditor" is the "assessor." He, with the approval of the board of tax appeals, appoints and employs such experts and others as "he" may deem necessary. The persons so employed are clearly **his** employees, and just as much so as any employee he has for any service of his office. **"The amount to be expended in the payment of the compensation** of such employees shall be fixed by the board of county commissioners." It is to be noted that the "amount" has reference to "such employees" not each employee. Again, if the auditor deems the **"amount** for the compensation of **such** employees" insufficient, he may appeal to the Board of Tax Appeals (Emphasis added.)

The court is unable to reach out of the quoted sections of the code a single suggestion that the individual compensations are to be the concern or responsibility of any person or body other than the county auditor. The auditor's rights and responsibilities in the selection of individual employees and in fixing their compensation are precisely the same under §5173.01 R. C. as they are under §325.17 R. C.

The instant action is aimed chiefly at the proposed employment of three expert appraisers and payment to them of $25,000 each. The relator is gravely concerned over the very thought that a county auditor be placed in the position of one having authority to pay individuals $25,000.00 each for a service of the kind and extent involved. The court has no means of measuring the service involved nor is it its function to do so. The court is concerned only with the construction of the statutes and is without responsibility for their folly, if such there be. The statutes involved do not differentiate between "experts" and "other employees" but, on the contrary, specifically place them in one class insofar as their employment and compensation are concerned. The county auditor is an elected official and has rather involved and complicated duties to perform. He must, in the very nature of things, be vested with considerable authority and discretion. If either of the latter are abused, and even though such abuse be technically within the law, the electors have their remedy at the polls.

On the basis of what has been said it follows that relator's prayer for relief will be denied and his petition dismissed at his costs. An order to that effect will be entered on the journal this date.